UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

ROSA FERRARI,

_____Debtor_____

CAROLYN FERRARI,

    Movant,

v.

ROSA FERRARI,

    Respondent.

_____

CASE NO.  18-14840-AJC

CHAPTER 13

JUDGE CRYSTAL

JUN 2 7 2018

## MOTION TO DISMISS CHAPTER 13 CASE

COMES NOW, Carolyn Ferrari, as party in interest and creditor, and moves this court to dismiss Debtor's Chapter 13 case for the reasons set forth herein:

### Background

1. Debtor filed her voluntary, Chapter 13 petition on April 25, 2018 (the "Petition Date").

2. Section 1307(c) of the Bankruptcy Code provides that a court may either dismiss or convert a case for cause, whichever is in the best interest of creditors "except as provided in subsection (f) of this section, on request of party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the

best interests of creditors and the estate, for cause...." 11U.S.C. §1307(c).

3.  Section 1325(a)(3) of the Bankruptcy Code provides that in order for a Chapter 13 plan to be confirmed, it must be "proposed in good faith and not by any means forbidden by law;" and that "the action of the debtor in filing the petition was in good faith. U.S.C. § 1325(a)(7).

4.  Movant, individually and on behalf of her three children, debtor's grandchildren filed a joint complaint against Debtor, her husband Durval Ferrari and her son Marcelo Ferrari in the Superior Court of Fulton County, Georgia on January 18, 2017. The case against debtor was scheduled for jury trial commencing April 30, 2018, and is summarized in the Consolidated Pretrial Order filed April 12, 2018. (Exhibit A)

5.  Debtor's son was found to be in contempt of court on October 26, 2016, and a judgment was issued for $797,497.88. Movant obtained copies of deeds proving Marcelo Ferrari owned two properties in Cordoba, Argentina (Exhibit B) and the Superior Court of Fulton County ordered him to sell these properties to pay a portion of his unpaid support obligations to Movant (Exhibit C).

### Acts that Constitute Bad Faith and Cause

1.  Upon information and belief, Debtor filed her petition on April 25th with the primary intent to forestall the state court proceedings against her and preempt the trial that was scheduled to commence on April 30, 2018. Debtor's role in this case involves fraud, and therefore should not be subject to any bankruptcy protection, and her petition has delayed the proceedings against all three parties, causing further losses, expense, and inability for movant and her children to seek relief. Debtor mischaracterizes the pending fraud and fraudulent transfer case against her as a "breach of contract" case in her schedules.

2.  Upon information and belief, in her filed schedule of assets, Debtor falsely claimed an

ownership interest in the two condominiums her son owns in Cordoba, Argentina in order to abuse the protection of the stay and the bankruptcy process to obstruct the court-ordered sale of these properties. Jail recordings obtained by subpoena in the contempt and joint lawsuit prove debtor's intent to obstruct the sale and any relief for movant and her children by any means possible. This material misrepresentation her in schedules was filed shortly after Movant was granted a power of attorney to control the sale of the properties by the Fulton County Superior Court on May 8, 2018. As such, her abuse of the bankruptcy process has obstructed any ability for Movant to sell the properties and seek relief for years of unpaid support.

3. Debtor mischaracterizes the pending fraud and fraudulent transfer case against her as a "breach of contract" case in her schedules. This case against all three co-defendants was stayed upon the filing of Debtor's petition, and the jury trial was rescheduled on the calendar to be heard in late July subject to dismissal or relief from stay from this court. Should the case against the other two parties go forward without Debtor, Movant and her children would suffer further losses and damages.

4. Upon information and belief, Debtor made numerous material misrepresentations and omissions in her filed schedules, including, but not limited a deliberate inflation of her monthly mortgage payment, resulting in a dramatic reduction in disposable income available to pay her creditors. Bank records from 2011 through January 2017 show consistent mortgage payments of $420 per month during that entire period. Additionally, public records show that she paid approximately $1100 annually for her property taxes for years. It appears that just prior to filing her petition, Debtor refinanced her mortgage to include property taxes (which she had paid separately in all prior years). However, the public tax records clearly show that she temporarily gave up her homestead exemption,

thereby more than doubling her property taxes to $2744.09, which she paid in December of 2017. In anticipation of her bankruptcy filing, and just prior to it, Debtor appears to have refinanced based on this inflated tax payment to falsely inflate her monthly payments from $420 to $735. According to public tax records of Dade County, Debtor then reinstated her homestead exemption to reduce her 2017 property taxes back to $1128.40 and obtained a refund of the overpayment in May of 2018. This appears to be a deliberate manipulation and misrepresentation designed to reduce the disposable monthly income available to pay her creditors by over $300 per month. Coincidentally, Debtor has filed documents stating her intent to pay this inflated mortgage outside the plan, which would allow her to adjust this inflated payment down once her plan is confirmed.

5. Based on bank records, several other discrepancies exist in her schedules of monthly expenses (i.e., exaggerated monthly power bills, maintenance, clothing and laundry, and monthly charitable donations), which add up to significantly decrease funds available each month to pay creditors in her proposed plan and free up funds for her use outside of the plan. Ironically, she claims to spend more money monthly on clothing and laundry than she claims to own in her inventory. Debtor also does not disclose the car registered to her son and in her household since October 2017 nor that she pays all expenses for her unemployed adult son who lives with her, including food, travel, car payments, insurance while continuing to aid and abet him in avoiding his obligations. Additionally, Debtor specifically states that she does not pay the expenses of anyone else in her schedules.

6. Upon information and belief, Debtor has a history of fraud and filing false statements, including colluding with her son to file a false $1million-dollar claim in his 2011 Chapter 11 bankruptcy. The intent of that claim was for her to be his largest unsecured creditor so that she would receive payments through his plan and funnel funds back to him. Debtor

finally withdrew this claim when Movant provided evidence of the fraud and notice of her intent to disclose it and file an objection to the claim. In that same case, Debtor also colluded with her son to hide assets, permitting the undisclosed transfer or funds and use of her accounts to hide spending throughout his bankruptcy, which was eventually dismissed. The $31,370 debt to husband Durval Ferrari is suspect for its similarity to her false claim in her son's case as an insider debt that happens to be the largest unsecured claim.

7. The million-dollar debt Debtor claimed her son owed her during his bankruptcy has never been discharged or repaid, and Debtor stated in sworn testimony in the fraudulent transfer case and in court documents as recent as the Consolidated Pre-trial filed in the Fulton County Superior court on April 12, 2018, that her son owes her over $400,000. (Exhibit A) However, no debt owed to her by her son is included anywhere in her schedules in this case.

8. Upon information, evidence and belief, the Mercedes vehicle associated with the Dalmer Trust claim for $19,216.98 belonged to Debtor's son and was used exclusively by him, but was leased and registered in Debtor's name to shield it from seizure for his child support and other debts. This vehicle and the payments related to it are a matter of contention in the fraudulent transfer lawsuit. The car in question was returned to the lienholder shortly after Marcelo Ferrari quit working and fled Georgia in early 2016 to live with Debtor. The Mercedes debt is the result of bad faith conduct by Debtor and her son to lease and register his car in her name, and as such should not be subject to discharge. Further, Debtor has specifically indicated her intent to pay this debt outside of her plan.

9. Upon information and belief, Debtor decided to file her Chapter 13 petition shortly after the filing of the fraudulent transfer case on January 18, 2017. As such, in anticipation of her pending bankruptcy filing, Debtor participated in bad-faith pre-petition spending and

debt accumulation, opening new department store credit accounts totaling over $4600 since June of 2017, and taking out a new consumer loan of $11,525.00 (Upgrade, Inc) on January 29, 2018, less than three months pre-petition. These recent debts are clearly not in line with her inventory personal items, clothing, and household goods and furnishing in her inventories, which she valued at $1525. These amounts account for the remainder of debtor's unsecured debt and due to the timing, should be subject to presumption of fraud.

10. Debtor states multiple times in her filed schedules that creditor Carolyn Ferrari "seized" her Suntrust checking account, a statement that is categorically false. No funds were ever seized, levied or garnished by Movant, and this is at best, a misrepresentation of a court-ordered thirty-day temporary protective order on the checking account Debtor used to hide her son's assets when the fraudulent transfer case was filed. As such, this false claim that Movant, a creditor, seized the contents of her account shows deliberate intent to create legal issues for Movant.

11. Additional pre-petition bad faith is exhibited in the disclosed tax records, in which she misrepresented that the rent she collected from one leased Argentine property was from both properties in order to deduct the expenses for both properties. Debtor does not disclose the current lease (if any) on the Argentine property belonging to her son. The only existing lease was on the Bolivar property, which expired 12/31/17, and Marcelo Ferrari was ordered not to renew it or otherwise encumber the properties he had been ordered to sell. If Debtor leased either property, she has not disclosed the lease. Debtor also does not disclose her long-term tax debt, nor does she disclose the payment agreement she testified she has had with IRS since 2012. Bank records confirm payments ranging between $500 and $900 monthly, totaling well over $30,000 between 2012 and 2016, and continuing monthly as she testified in her October 2017 deposition.

## Lack of Value to Creditors

12. Approximately half of the unsecured debt in this case is a questionable $31,370 unsubstantiated debt to debtor's husband, Durval Ferrari, an insider.

13. The contested $19,268 debt for the expired Mercedes lease was created in bad faith, is a contested matter in the pending fraudulent transfer case against debtor and her son, and debtor has declared her intent to pay it outside of any plan, so this creditor would receive no benefit.

**14.** The remaining debt, $11,525 debt to Upgrade, Inc., $543 to Nordstrom, and $3351 to Synchrony Bank are all new accounts created by Debtor subsequent to the fraud lawsuit filing in anticipation of her petition. If debtor's plan were confirmed, these creditors and Macy's would receive a negligible percentage of the $16,208 they are owed, with $108 per month being divided amongst and Debtor's husband.

## Conclusion

15. If this case were permitted to proceed, it will cause considerable and additional losses and irreparable damages to Movant, and all other creditors.

16. The timing, material misrepresentations, and the totality of the circumstances show willful and deliberate intent to abuse the bankruptcy process prevent the fraudulent transfer case from proceeding, obstruct the court-ordered sale of her son's properties, and defraud recent creditors.

17. The debtor's bad faith conduct prior to and during the filing of this petition and the misrepresentations, false statements and omissions in her schedules demonstrate no intent to effectuate a valid plan that will benefit any creditor in any way.

WHEREFORE, Movant prays that the Court enter an order dismissing this bankruptcy case

for cause, and granting any such and further relief deemed just and proper.

Respectfully submitted this 25th day of June, 2018.

BY: _____

[Signature of Movant]

Carolyn Ferrari
1266 W. Paces Ferry Rd. #311
Atlanta, GA
(404) 423-5605
cjhferrari@gmail.com

Fulton County Superior Court
***EFILED***RM
Date: 4/9/2018 3:46 PM
Cathelene Robinson, Clerk

Fulton County Superior Court
***EFILED***RM
Date: 4/12/2018 11:15 AN
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

CAROLYN FERRARI, Individually; CAROLYN : 
FERRARI, as Grantor of the Irrevocable Trust for : 
Nicolas Alexander Ferrari; CAROLYN : 
FERRARI, as Grantor of the Irrevocable Trust for : 
Stefan Raine Ferrari; CAROLYN FERRARI, as : 
Grantor of the Irrevocable Trust for Tristan : 
Demonti Ferrari; NICOLAS ALEXANDER : 
FERRARI, by CAROLYN FERRARI as next : 
friend; STEFAN RAINE FERRARI, by : 
CAROLYN FERRARI as next friend; and : 
TRISTAN DEMONTI FERRARI, by CAROLYN : 
FERRARI as next friend, :     CIVIL ACTION FILE NO.
    :     2017 CV 284963
Plaintiffs, : 
    : 
v. : 
    : 
MARCELO FERRARI; DURVAL FERRARI, : 
Individually; DURVAL FERRARI, as Successor : 
Trustee of the Irrevocable Trust for Nicolas : 
Alexander Ferrari; DURVAL FERRARI, as : 
Successor Trustee of the Irrevocable Trust for : 
Stefan Raine Ferrari; DURVAL FERRARI, as : 
Successor Trustee of the Irrevocable Trust for : 
Tristan Demonti Ferrari; and ROSA FERRARI, : 
    : 
Defendants. : 



## ~~PROPOSED~~ CONSOLIDATED PRE-TRIAL ORDER

The following constitutes a Pre-Trial Order entered in the above styled case after

conference with counsel for the parties:

**(1)** **The name, address and phone number of the attorneys who will conduct the trial**

**are as follows:**

For the Plaintiffs:       G. Roger Land, Esq.
                                   G. Roger Land & Associates
                                   One North Parkway Square, Suite 200
                                   4200 Northside Parkway
                                   Atlanta, Georgia 30327

404-237-2500

Sara Sorenson, Esq.
Sorenson Law, LLC
600 Galleria Parkway, SE, Suite 980
Atlanta, GA 30339
404-507-6388

For Defendant Durval Ferrari:    Brian M. Deutsch
Benjamin H. Pierman
McCurdy and Candler, LLC
160 Clairemont Ave., Suite 550
Decatur, GA 30030
(404) 214-5858
(678) 891-1824

For Defendant Rosa Ferrari:    Jeffrey A. Powell
Powell Law, LLC
6075 Barfield Road, Suite 227
Atlanta, GA 30328
(678) 273-3970

For Defendant Marcelo Ferrari:    Pro Se

**(2)    The estimated time required for trial is:**

a) For the Plaintiffs: three (3) days

b) For Defendant Durval Ferrari: two (2) days

c) For Defendant Rosa Ferrari: two (2) days

d) For Defendant Marcelo Ferrari:

**(3)    There are no motions or other matters pending for consideration by the court except as follows: none. The Parties reserve the right to file motions in limine no later than one week before the beginning of the trial calendar (April 23, 2018).**

**(4)    If applicable, the jury will be qualified as to relationship with the following:**

According to Plaintiffs: None of the jurors shall be related by blood or marriage to the parties or their counsel, or any of the witnesses called by any parties.

According to Defendant Durval Ferrari: The parties, which includes Nicolas, Stephan, Tristan Ferrari, Plaintiffs' counsel, Defendant D. Ferrari's counsel, and Defendant R. Ferrari's counsel.

According to Defendant Rosa Ferrari: The parties, which includes Nicolas, Stephan, Tristan Ferrari, Plaintiffs' counsel, Defendant D. Ferrari's counsel, and Defendant R. Ferrari's counsel.

According to Defendant Marcelo Ferrari:

**(5) (a) All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery except for good cause shown. The parties, however, shall be permitted to take depositions of any person(s) for the preservation of evidence for use at trial.**

**(b) Unless otherwise noted, the names of the parties as shown in the caption to this Order are correct and complete and there is no question by any party as to the misjoinder or nonjoinder of any parties.**

**(6) The following is the Plaintiffs' brief and succinct outline of the case and contentions:**

The Plaintiffs in this case are Carolyn Ferrari, individually, as grantor of the trusts, and on behalf of her children as beneficiaries of irrevocable trusts in each of their names, Nicolas Alexander Ferrari, Stefan Raine Ferrari, and Tristan Demonti Ferrari.

The Defendants in this case are Plaintiff Carolyn Ferrari's ex-husband, Marcelo Ferrari, who is the father to the three children; Durval Ferrari, Marcelo Ferrari's father, individually and in his capacity as successor trustee of the three irrevocable trusts; and Rosa Ferrari, mother of Marcelo Ferrari. This Court granted Default Judgment as to liability against Defendant Marcelo Ferrari on Plaintiffs' claims of fraud on March 13, 2018.

During their marriage, Defendant Marcelo Ferrari and Plaintiff Carolyn Ferrari established irrevocable trusts to benefit each of their children: the Irrevocable Trust for Nicolas Alexander Ferrari; the Irrevocable Trust for Stefan Raine Ferrari; and the Irrevocable Trust for Tristan Demonti Ferrari. The Trust Agreements each named Jonathan Braatz ("Braatz") as Trustee, John Cleveland ("Cleveland") as successor trustee, and provided that if Cleveland failed to qualify or ceased to serve, then the next successor trustee would be selected by Cleveland. Braatz served as Trustee of each of the Trusts from the time each Trust was created until his resignation on June 14, 2006. On December 11, 2009, Cleveland allegedly declined the serve as successor trustee and named Defendant Durval Ferrari as successor trustee.

In July 2010, funds from the investment account of the Irrevocable Trust of Stefan Raine Ferrari were used as consideration to enter into real estate installment contracts on two properties in Elbert County, Georgia (the "Georgia Properties"). The real estate installment contracts were entered into by Defendant Marcelo Ferrari and later assigned to the Irrevocable Trusts of Nicolas Alexander Ferrari and Tristan Demonti Ferrari. In 2011, the real estate installment contracts were cancelled and any interest in the Georgia Properties returned to the grantor for nonpayment.

In August 2010, approximately $50,000 from the three Trusts' investment accounts was used to purchase a vacant residential lot in Port St. Joe, Florida (the "Florida Property"). The Florida Property was conveyed by the seller to only two of the Trusts: the Irrevocable Trust of

Nicolas Alexander Ferrari and the Irrevocable Trust of Tristan Demonti Ferrari. Between 2010 and 2013, some property tax bills and homeowners' association assessment bills went unpaid. In December 2013, Defendant Durval Ferrari, as Successor Trustee of the Irrevocable Trust of Nicolas Alexander Ferrari and the Irrevocable Trust of Tristan Demonti Ferrari, sold the Florida Property for $30,000, which the Plaintiffs contend was less than fair market value. Following the sale of the Florida Property, Defendant Durval Ferrari deposited the sale proceeds (less reimbursements made to himself for certain taxes and HOA fees that he allegedly paid) into two Vanguard money market accounts for the Irrevocable Trust of Nicolas Alexander Ferrari and the Irrevocable Trust of Tristan Demonti Ferrari.

Plaintiffs contend that Defendant Durval Ferrari became successor trustee of the Trusts in 2009. During his time as successor trustee, the Plaintiffs contend that Defendant Durval Ferrari's actions (and lack of action) were purposeful and committed with intent to defraud the Plaintiff Carolyn Ferrari (as grantor of the Trusts) and the Plaintiff Trust Beneficiaries and constitute a breach of his fiduciary duty.

Defendant Rosa Ferrari permitted Defendant Marcelo Ferrari to access her SunTrust bank account (ending in 9161) to deposit approximately $200,000 between June 2012 and September 2016. Funds from the account where used to make payments on vehicles used by Defendant Marcelo Ferrari, for Defendant Rosa Ferrari's home mortgage and homeowner's association fees, and for a federal tax debt. Plaintiffs contend that had Defendant Marcelo Ferrari intentionally and fraudulently deposited the funds in Defendant Rosa Ferrari's account in order to avoid garnishment of his own bank accounts. Plaintiffs further contend that Defendant Rosa Ferrari knew and participated with Defendant Marcelo in perpetuating this fraud. As a creditor of Defendant Marcelo Ferrari (pursuant to Court Orders from the divorce awarding her alimony, child support,

and various other monetary awards), Plaintiff Carolyn Ferrari is entitled to recover from Defendant Rosa Ferrari as first transferee.

Plaintiffs contend that Defendants Durval Ferrari and Rosa Ferrari's actions are part of a broad scheme of fraud perpetrated by the Defendants specifically aimed at depleting assets in the Trusts and aiding Defendant Marcelo Ferrari in avoiding his financial obligations to the Plaintiffs.

**(7) (a) The following is Defendant Durval Ferrari's brief and succinct outline of the case and contentions:**

Plaintiffs allege that John Cleveland, the named Successor Trustee, "appointed" Defendant D. Ferrari as Successor Trustee after declining to serve in that capacity on December 11, 2009. However, the Defendant D. Ferrari expects the evidence to show that while he agreed to serve as Successor Trustee at the request of his son, Co-Defendant Marcelo Ferrari, in 2009, he was not "in the mindset of acting as the trustee in managing the trust" at that time. Defendant D. Ferrari agreed to serve as Successor Trustee because his son, Defendant M. Ferrari, was in "very severe distress, and a family in distress" during the 2009 timeframe.

Defendant D. Ferrari took no overt act evidencing his acceptance of the position of Successor Trustee until the summer of 2013. From late 2009 until mid-2013 Defendant D. Ferrari did not take possession of any Trust(s) assets, exercise any powers as Successor Trustee, perform any Successor Trustee duties, received no account statements regarding Trust(s) assets, or otherwise indicate acceptance of the Successor Trusteeship.

Defendant D. Ferrari actually assumed the role of Successor Trustee in 2013, after the divorce proceedings between Plaintiff Carolyn Ferrari and Defendant M. Ferrari were complete, or almost complete, and after he received notice of the tax lien on the Florida property. After

Defendant D. Ferrari became aware of his status as Successor Trustee, he sold the Florida property in order to provide funds to the Trusts at issue and in an attempt to comply with the divorce order.

Plaintiffs assert that Defendant D. Ferrari's actions are part of a broader scheme to defraud Plaintiffs by depleting the Trusts' assets and aiding Defendant M. Ferrari in avoiding his financial obligations to Plaintiffs. Yet, Plaintiffs have provided no evidence to support this accusation against Defendant D. Ferrari. Instead, Defendant D. Ferrari expects the evidence to show that he was also defrauded by Defendant M. Ferrari and that Defendant D. Ferrari has little to no knowledge of Defendant M. Ferrari's actions, activities, or prior whereabouts for several years germane to this action.

**(b) The following is Defendant Rosa Ferrari's brief and succinct outline of the case and contentions:**

Plaintiffs allege that Rosa Ferrari engaged in a scheme to have Marcello Ferrari's monies deposited into her account to avoid his alleged legal support obligations owed to Carolyn Ferrari as a result of Marcello Ferrari's and Carolyn Ferrari's divorce and post-divorce proceedings. To the contrary, Rosa Ferrari understood that Marcello Ferrari's wages were being garnished pursuant to law to satisfy his obligations. She did not collude with him to avoid his obligations. Furthermore, his funds were not used to unlawfully pay her debts as alleged even though he had an interest in the Suntrust account in issue.



no intent to defraud and to the extent that there were transfers, there was sufficient value/consideration given.

Additionally, there is a four-year statute of limitation on the acts alleged by Plaintiff.

**(c) The following is Defendant Marcelo Ferrari's brief and succinct outline of the case and contentions:**

**(8) The issues for determination by the jury are as follows:**

For Plaintiffs:

- a) When Def. Durval became successor trustee of the Irrevocable Trusts of Nicolas Alexander Ferrari, Stefan Raine Ferrari, and Tristan Demonti Ferrari.

- b) Whether the actions or inactions of Def. Durval Ferrari, as successor trustee, breached his fiduciary duty.

- c) Whether Def. Durval Ferrari, as successor trustee, exercised reasonable care in selling the Florida Property.

- d) Whether Def. Durval Ferrari as successor trustee complied with the terms of the Trust Agreements once he became successor trustee.

- e) Whether Def. Durval Ferrari should be removed as successor trustee;

- f) Whether Def. Durval Ferrari should be denied any compensation for his services as successor trustee of the Trusts.

- g) Whether the Trusts should be dissolved and funds turned over to the Trust beneficiary who has reached majority (Nicolas Alexander Ferrari) and Pl. Carolyn Ferrari as mother and/or legal guardian of the Trust beneficiaries (Stefan Raine and Tristan Demonti Ferrari)

- h) Whether Def. Durval Ferrari's actions and cooperation with Def. Marcelo Ferrari constituted fraud.

- i) Whether Def. Rosa Ferrari acted with intent to hinder, delay and defraud Pl. Carolyn Ferrari's recovery of court awarded alimony, child support and other funds from Def. Marcelo Ferrari by permitting Def. Marcelo Ferrari access to her bank account.

- j) The amount of damages the Plaintiffs are entitled to recover from Def. Durval Ferrari,

individually, if any.

k) The amount of damages the Plaintiffs are entitled to recover from Def. Durval Ferrari, as successor trustee, if any.

l) The amount of damages the Plaintiffs are entitled to recover from Def. Rosa Ferrari, if any.

m) The amount of damages the Plaintiffs are entitled to recover from Def. Marcelo Ferrari.

For Defendant Durval Ferrari:

a) On what date did Defendant D. Ferrari actually become Successor Trustee, i.e. when did he actually marshall the assets of the Trusts, when did he begin controlling the assets of the Trusts, and when did he exercise any of his powers and duties as Successor Trustee?

b) Whether Defendant D. Ferrari violated his fiduciary duty owed to the beneficiaries of the Trusts in question after he assumed and began exercising duties and powers as Successor Trustee?

c) Whether Defendant D. Ferrari's actions that are alleged to constitute a breach of fiduciary duty caused any damages to Plaintiffs and if so, what are those damages?

d) Whether Defendant D. Ferrari exercised reasonable diligence in selling the Florida Property?

For Defendant Rosa Ferrari:

a) Did Marcello Ferrari owe Rosa Ferrari any money before the alleged transfers? If so, how much did he owe her?

b) Did Carolyn Ferrari owe Rosa Ferrari any money before the alleged transfers? If so how much did she owe her?

c) Was there an intent to defraud Carolyn Ferrari by Rosa Ferrari?

d) Was Marcello Ferrari having his wages garnished to satisfy legal obligations owed to Plaintiff?

e) Were there transfers made to the sole account of Rosa Ferrari by Marcello Ferrari?

f) To the extent that there were transfers from Marcello Ferrari to Rosa Ferrari:

      i)      Was there consideration or value?

      ii)     Was there an antecedent debt owed to Rosa Ferrari?

      iii)    Was there an intent to defraud by Rosa Ferrari?

g) Were Marcello Ferrari's funds used to pay IRS obligations of Rosa Ferrari?

h) Were Marcello Ferrari's funds used to pay the mortgage, homeowner's fees, or other debts of Rosa Ferrari?

For Defendant Marcelo Ferrari:

**(9) Specifications of negligence including applicable code sections are as follows: none.**

**(10) If the case is based on a contract, either oral or written, the terms of the contract are as**

**follows (or, the contract is attached as an Exhibit to this order):**

For Plaintiffs: Contentions against Def. Durval Ferrari as successor trustee, are based in large part on the Trust Agreements for the Irrevocable Trusts of Nicolas Alexander Ferrari, Stefan Raine Ferrari and Tristan Demonti Ferrari, ~~attached hereto as Exhibit A.~~

For Defendant Durval Ferrari: The case is not based on a contract.

For Defendant Rosa Ferrari: The case is not based on a contract

For Defendant Marcelo Ferrari:

**(11) The types of damages and the applicable measure of those damages are stated as follows:**

For Plaintiffs:

a) Damages caused by Def. Durval Ferrari's breach of fiduciary duty including but not limited to loss or deprecation in trust property plus interest, and amounts that would have accrued to trust beneficiaries plus interest

b) Damages caused by Def. Durval Ferrari's actions to defraud the Plaintiffs

c) Costs of litigation, including reasonable attorney's fee against Def. Durval Ferrari pursuant to O.C.G.A. § 53-12-302 and/or O.C.G.A. § 13-6-11.

d) Damages for fraud perpetuated by Defendant Rosa Ferrari to enable Defendant Marcelo Ferrari to hide his funds from garnishment

e) Damages for fraud perpetrated by Defendant Marcelo Ferrari.

For Defendant Durval Ferrari: Defendant D. Ferrari requests attorneys' fees and expenses of litigation in an amount to be proven at trial or at a post trial hearing.

For Defendant Rosa Ferrari: Defendant Rosa Ferrari requests attorneys' fees and expenses of litigation in an amount to be proven at trial or at a post trial hearing.

For Defendant Marcelo Ferrari:

**(12) This case does not involve divorce.**

**(13)  The following facts are stipulated:**

a) During their marriage, Defendant Marcelo Ferrari and Plaintiff Carolyn Ferrari established irrevocable trusts to benefit each of their children: the Irrevocable Trust for Nicolas Alexander Ferrari and the Irrevocable Trust for Stefan Raine Ferrari were created by trust agreements on November 10, 1998, and the Irrevocable Trust for Tristan Demonti Ferrari was created by trust agreement on December 6, 2002 (hereinafter, collectively the "Trusts").

**(14) The following is a list of all documentary and physical evidence that will be tendered at the trial by the Parties. Unless otherwise noted, the parties have stipulated as to the authenticity of the documents listed, and the exhibits listed may be admitted without further**

**proof of authenticity. All exhibits shall be marked by counsel prior to trial so as not to delay the trial before the trial.**

(a) By the Plaintiffs: See Attached Exhibit $\cancel{B}$. A.

The Plaintiffs reserved the right to supplement or amend this list to add any exhibits. The Plaintiffs do not stipulate to the authenticity of any of exhibits unless said exhibits have been provided to counsel in advance of the trial of this case for review. The Plaintiffs reserve the right to enlarge or create "blow ups" or digital or video reproduction of any of the exhibits.

(b) By Defendant Durval Ferrari:

1. The Irrevocable Trust for Stefan Raine Ferrari

2. The Irrevocable Trust for Tristan Demonti Ferrari

3. The Irrevocable Trust for Nicolas Alexander Ferrari

4. Bank statements for each of the Trust accounts

5. Documents regarding the sale of the Florida Property, including the contract for sale, comparison analysis and closing documents.

6. Letter of resignation from John Braatz

7. Letter of resignation from John Cleveland

8. Emails from and to Defendant D. Ferrari regarding the Florida Property

9. Final Judgment and Decree of Divorce, Carolyn Ferrari v. Marcelo Ferrari, Fulton County Superior Court, June 4, 2013 (Complaint, Exhibit L)

10. Pleadings and Orders in post-divorce actions

The Defendant D. Ferrari reserves the right to supplement his list of physical and documentary evidence until the time of trial. Defendant D. Ferrari does not stipulate to the authenticity of the

"Real Estate opinion letter from Taylor Crews to Carolyn Ferrari, dated May 21, 2013, regarding the value of the Florida Property" listed in her list of documentary evidence herein nor any recording listed.

(c) By Defendant Rosa Ferrari:

1. Bank statements and records from Suntrust account ending in 9161;

2. Retirement account statements/summaries for Rosa Ferrari ending at Morgan Stanley Smith Barney ending in 18 555.

3. Documents regarding expenses paid by Rosa Ferrari for Marcelo Ferrari and/or Carolyn Ferrari.

4. Expenses and title related to Rosa Ferrari's condominium in Florida.

5. Documents regarding Carolyn and Marcelo Ferrari's former house located at 2758 Habersham Road, Atlanta.

6. Divorce pleadings between Carolyn Ferrari and Marcelo Ferrari, along with enforcement actions regarding same and garnishments against Marcello Ferrari.

7. Exhibits listed by the other parties.

8. Documents related to impeachment testimony and rebuttal testimony.

9. Documents produced in discovery by Carolyn Ferrari.

10. Documents produced in discovery by Durval Ferrari.

11. Documents produced in discovery by third parties.

12. Exhibits from Carolyn Ferrari's deposition.

The Defendant .Rosa Ferrari reserves the right to supplement his list of physical and documentary evidence until the time of trial. She does not agree to the authenticity of the recording referred to by Plaintiff in her exhibit list.

(d) By Defendant Marcelo Ferrari:

**(15)  Special authorities relied upon by the Plaintiffs relating to peculiar evidentiary or other legal questions are as follows: none.**

**(16) Special authorities relied upon by Defendants relating to peculiar evidentiary or other legal questions are as follows:**

   a)  For Defendant Durval Ferrari: none
   b)  For Defendant Rosa Ferrari: none.
   c)  For Defendant Marcelo Ferrari:

**(17)  All requests to charge anticipated at the time of trial will be filed in accordance with Rule 10.3.**

**(18)  The testimony of the following persons may be introduced by depositions:**

   a)  For Plaintiffs: none. Plaintiff reserves the right to depose witnesses named by the Defendants in this Pre-trial and as supplemented or amended prior to trial.
   b)  For Defendant Durval Ferrari: Defendant D. Ferrari intends to offer all testimony by in person witnesses. However, Defendant D. Ferrari reserves the right to depose and witness

listed by Plaintiffs. Any objection to the depositions or questions or arguments in the depositions shall be called to the attention of the court prior to trial.

c) For Defendant Rosa Ferrari: Defendant Rosa Ferrari intends to offer all testimony by in person witnesses, but reserves the right to introduce the deposition testimony of Carolyn Ferrari. Defendant Rosa Ferrari reserves the right to depose and witness listed by Plaintiffs or Duval Ferrari. Any objection to the depositions or questions or arguments in the depositions shall be called to the attention of the court prior to trial.

d) For Defendant Marcelo Ferrari:

## (19) The following are lists of witnesses the:

(a) Plaintiffs will have present at trial:

1. Carolyn Ferrari

(b) Plaintiffs may have present at trial:

1. Alice Benton

2. John Braatz

3. Records Custodian for the Fulton County Sheriff's Office

4. Jeff Stevenson

5. Taylor Crews

Plaintiffs reserve the right to call any witnesses listed by the other party. Plaintiffs further reserve the right to identify additional witnesses and will notify opposing counsel prior to trial.

a) Defendant D. Ferrari will have present at trial:

1. Dr. Durval Ferrari, MD

b) Defendant D. Ferrari <u>may</u> have present at trial:
   1. Rosa Ferrari

   2. Carolyn Ferrari

   3. Marcelo Ferrari

   4. Nicolas Ferrari

   5. Stefan Ferrari

   6. Tristan Ferrari

   7. Kimberly Ayers

   8. Jon Braatz

   9. John Cleveland

   10. Jeff Stevenson

   11. Rebecca Stone

   12. Brenda Jordan

   13. Debbe Wibberg

   14. Sheryl Bradley

   15. The designated records custodian for Suntrust Bank, N.A.

Defendant D. Ferrari reserves the right to supplement his list of witnesses up to the time of trial and will provide counsel with the names of any additional witnesses at the time of their identification.


a) Defendant Rosa Ferrari <u>will</u> have present at trial:
   1. Rosa Ferrari

b) Defendant Rosa Ferrari <u>may</u> have present at trial:

   1. Duval Ferrari

2. Carolyn Ferrari

3. Marcelo Ferrari

4. Nicolas Ferrari

5. Stefan Ferrari

6. Tristan Ferrari

7. Kimberly Ayers

8. Jon Braatz

9. John Cleveland

10. Jeff Stevenson

11. Rebecca Stone

12. Records Custodian for Suntrust

13. Records Custodian for Morgan Stanley Smith Barney

14. Jeffrey Stevenson

15. Brenda Jordan

16. Debbe Wibberg

17. Sheryl Bradley

Defendant Rosa Ferrari reserves the right to supplement his list of witnesses up to the time of trial and will provide counsel with the names of any additional witnesses at the time of their identification.


a) Defendant Marcelo Ferrari will have present:

b) Defendant Marcelo Ferrari may have present

Opposing counsel may rely on representation by the designated party that he will have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain his testimony by other means.

**(20) The form of all possible verdicts to be considered by the jury are as follows: The parties will submit an appropriate verdict form at the charge conference or as otherwise directed by the Court.**

(21)    (a)    The possibilities of settling this case are remote;

      (b)    The parties want the case reported.

      (c)    The cost of take-down will be shared equally by all parties.

Respectfully submitted by the parties this 9th day of April, 2018.

> */s/ G. Roger Land*
> *(with express permission by Sara Sorenson)*
> G. Roger Land, Esq.
> Georgia Bar No. 432900
> G. Roger Land & Associates
> One North Parkway Square, Suite 200
> 4200 Northside Parkway, N.W.
> Atlanta, Georgia 30327
> 404-237-2500
> 404-365-6560 facsimile
> *Co-Counsel for Plaintiffs*

> */s/ Sara C. Sorenson*
> Sara C. Sorenson, Esq.
> Georgia Bar No. 720092
> Sorenson Law, LLC
> 600 Galleria Pkwy, SE, Ste 980
> Atlanta, GA 30339
> 404-507-6388
> *Co-Counsel for Plaintiffs*

Page **18** of **19**

*/s/ Brian M. Deutsch*
*(with express permission by Sara Sorenson)*
Brian M. Deutsch
Georgia Bar No. 219655
Benjamin H. Pierman
Georgia Bar No. 435180
160 Clairemont Avenue, Suite 550
Decatur, Georgia 30030
Phone: 404-214-5858
*Counsel for Defendant Durval Ferrari*


*/s/ Jeffrey A. Powell*
*(with express permission by Sara Sorenson)*
Jeffrey A. Powell
Powell Law, LLC
6075 Barfield Road, Suite 227
Atlanta, GA 30328
(678) 273-3970
*Counsel for Defendant Rosa Ferrari*


## ORDER ON PARTIES' CONSOLIDATED PRETRIAL ORDER

It is hereby ordered that the foregoing, including the attachments thereto, constitutes the
PRE-TRIAL ORDER in the above case and supersedes the pleadings which may not be further
amended except by order of the court to prevent manifest injustice.

This _____ day of _____ , 2018.

Robert C. I. McBurney, Judge
Superior Court of Fulton
Atlanta Judicial Circuit

Page **19** of **19**

**Exhibit # A**

### Plaintiffs' List of Evidence

1. The Trust Agreement for Irrevocable Trust for Nicolas Alexander Ferrari (Complaint, Exhibit A)

2. The Trust Agreement for Irrevocable Trust for Stefan Raine Ferrari (Complaint, Exhibit B)

3. The Trust Agreement for Irrevocable Trust for Tristan Demonti Ferrari (Complaint,   Exhibit C)

4. Resignation letter from Trustee Jonathan Braatz dated June 14, 2006 (Complaint, Exhibit D)

5. Declination Letter from Jonathan Cleveland dated December 11, 2009 (Complaint, Exhibit E)

6. Wiring instructions and wire transfers from the Irrevocable Trust of Stefan Raine Ferrari to purchase the Georgia Properties (Complaint, Exhibit F)

7. Real estate installment contracts for the Georgia Properties and Assignment of same to the Irrevocable Trusts of Nicolas Alexander Ferrari and Tristan Demonti Ferrari (Complaint, Exhibit G)

8. Contract for purchase, addendums thereto, closing statements and deed for the Florida Property (Complaint, Exhibit H)

9. Wire transfers from the Trusts to pay for the Florida Property (Complaint, Exhibit I)

10. Quit claim deed transferring Defendant Marcelo Ferrari's interest in the Georgia Properties back to the seller (Complaint, Exhibit J)

11. Closing documents from sale of the Florida Property by Def. Durval Ferrari, Successor Trustee (Complaint, Exhibit K)

12. Third Temporary Consent Order, Carolyn Ferrari v. Marcelo Ferrari, Fulton County Superior Court April 26, 2012

13. Final Judgment and Decree of Divorce, Carolyn Ferrari v. Marcelo Ferrari, Fulton County Superior Court, June 4, 2013 (Complaint, Exhibit L)

14. Pleadings, Orders and transcripts in Carolyn Ferrari v. Marcelo Ferrari, Fulton County Superior Court divorce and post-divorce actions

15. Real Estate opinion letter from Taylor Crews to Carolyn Ferrari, dated May 21, 2013, regarding the value of the Florida Property

16. Fiduciary Certification and Trust Account Agreement for the MorganStanley SmithBarney account for the Irrevocable Trust of Nicolas Alexander Ferrari (Brief in Support of Plaintiffs' Motion for Summary Judgment, Exhibit G)

17. Account Application, Client Agreement and Substitute Form W-9 Request for Taxpayer Identification Number for the MorganStanley SmithBarney account for the Irrevocable Trust of Tristan Demonti Ferrari (Brief in Support of Plaintiffs' Motion for Summary Judgment, Exhibit H)

18. "Cape San Blas Lote (sic) Sale Summary," closing documents, and SunTrust bank statement provided by Def. Durval Ferrari to Pl. Carolyn Ferrari on or around December 15, 2016

19. SunTrust and Vanguard bank statements, HOA statements and payments, and property tax statements and payment provided by Def. Durval Ferrari to Pl. Carolyn Ferrari on or around December 15, 2016

20. Account activity Vanguard statement for the Irrevocable Trust of Tristan Demonti Ferrari, print date December 22, 2016

21. Account activity Vanguard statement for the Irrevocable Trust of Nicholas (sic) Alexander Ferrari, print date December 22, 2016

22. Emails from Carolyn Ferrari to Durval Ferrari dated October 10, 2011 and October 24, 2011 (Deposition of Durval Ferrari, Exhibit 8)

23. Excel Spreadsheet of bank transfers drafted by Pl. Carolyn Ferrari, emailed to Counsel for the Defendants on October 27, 2017

24. Any document produced by Defendant Durval Ferrari in discovery

25. Any document produced by Defendant Rosa Ferrari in discovery

26. Any document produced by a third party in discovery

27. Any recording produced by the Fulton County Sheriff's office pursuant to subpoena

28. Any document identified or used as an exhibit in a deposition

29. Any document listed by Defendant Durval Ferrari

30. Any document listed by Defendant Rosa Ferrari

31. Invoices for Plaintiffs' attorney's fees and costs of litigation

Fulton County Superior Court
***EFILED***RM
Date: 2/1/2017 12:23:29 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CAROLYN FERRARI, Individually; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | 2017-CV-284963 |
| v. | ) | |
| | ) | |
| MARCELO FERRARI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT MARCELO FERRARI AND DEFENDANT ROSA FERRARI AS TO THE SUNTRUST 9161 ACCOUNT

On January 31, 2017, a hearing was held on Plaintiffs' request for a temporary restraining order to be issued against Defendant Marcelo Ferrari and Defendant Rosa Ferrari. While Plaintiffs requested an ex parte hearing, the Court instructed Plaintiffs to provide notice to Defendants of the hearing date. Defendant Marcelo Ferrari received notice and attended the hearing. Plaintiffs' counsel advised the Court that efforts to serve Defendant Rosa Ferrari have been unsuccessful and while Plaintiffs believed Defendant Rosa Ferrari was in communication with Defendant Marcelo Ferrari, Defendant Rosa Ferrari did not receive notice of the hearing. Defendant Rosa Ferrari was not in attendance.

The Court may issue a temporary restraining order with or without notice if "[i]t clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." O.C.G.A.§ 9-11-65(b)(1). Upon hearing argument from the Plaintiffs' attorney and Defendant Marcelo Ferrari, it appearing that immediate and irreparable injury will result to the Plaintiffs if a restraining order is not issued, and

it appearing to the Court that a proper case has been made out for a temporary restraining order, **IT IS HEREBY ORDERED ADJUDGED**:

(1) That a temporary restraining order is hereby issued against Defendant Marcelo Ferrari and Defendant Rosa Ferrari restraining them from spending or transferring any funds into or out of the SunTrust 9161 Account;

(2) That Defendants Marcelo Ferrari and Rosa Ferrari are restrained for a period of thirty (30) days after entry of this Order;

(3) That Plaintiffs give notice of this Order to Defendant Rosa Ferrari; and

(4) That Plaintiffs give notice to SunTrust to freeze the above-referenced accounts until further notice of the expiration or judicial order dissolving this temporary restraining order.

**SO ORDERED**, this 1st day of February, 2017.

Presiding Judge Kelly Lee Ellerbe
Fulton County Superior Court
Atlanta Judicial Circuit

[Translation note: Numerically calendar dates are in USA date format (mm/dd/yyyy).]

| GENERAL REGISTRY OFFICE OF THE PROVINCE<br>11/22/2016 11:39    DIR 017872<br>2016532547 NORMAL<br>Of: 11/22/2016  11:39<br>5000-CÓRDOBA | **REQUEST FOR A SEARCH IN COMPUTER ARCHIVES OF ACTUAL OWNERS** |
|---|---|

GENERAL REGISTRY
OFFICE OF THE
PROVINCE
NOVEMBER 22 2016
DEPARTMENT OF
CORRESPONDENCE

| **1** | **PETITIONER** | | | | |
|---|---|---|---|---|---|
| Administrative Entity: | | | | | |
| CUIT: | | | | | |
| Professional with legitimate interest | ☐ | Manager | ☐ | Check the corresponding option | |
| Full name:    Stamp: ALFREDO R. AVILA, | | | | | |
| DNI/LC/LE/PAS No.:    CUIT: 20-86723423-6 | | | | | |
| Occupation:    Rivadavia 92 – Rio J | | MP / Reg No.: | | | |
| Credential No.: | | Maturity date: | | | |
| Private individual with legitimate interest | | | | | |
| Full name: | | | | | |
| DNI/LC/LE/PAS N°: | | | | | |

"I hereby declare that the legitimate interest stated is correct and that this petition is within the scope provided in Article 31 of Provincial Act 5771."

| **2** | **PURPOSE OF THE REQUEST** |
|---|---|
| | Statement of Financial Position |

| **3** | **SEARCH ON BEHALF OF**<br>(The search may be requested for only one person, physical or legal entity, per form) |
|---|---|
| **PERSON** | |
| (*) Last name: **FERRARI** | |
| (*) First names: **Marcelo Adrian** | |
| Document type and number: 17.301.810 | |
| (*) Corporate name: | |
| CUIT: | |
| **AREA OF SEARCH** | |
| (*) Departments: | |
| ALL | |

(*) Required data

**NOTE: The search shall be made from 1981 onwards due to operational reasons and may result in previous data generated by a Conversion processes. Only registry entries from the computer files shall be reported, without the corresponding ownership verification.**

[Signature]
Signature / Signature and Seal

Stamp: ALFREDO R. AVILA,
CUIT: 20-86723423-6
Rivadavia 92 – Rio J

| DIRECTIONS:<br>1 – The form is in two copies.<br>2 – The data **should be filled in** using a typewriter or on a computer. |
|---|

[Left margin text: THIS FORM IS NO-CHARGE ISSUED VIA INTERNET
PROHIBITED TO BE SOLD].

| [Logo]<br>General Registry<br>Office of Cordoba<br>Province | **Property Title Ownership Report – Previous Search**<br>Unique No. 532547 for year 2016<br>DIRECT MAIL: 017872/2016 Rep: 32 | Version 1<br><br>Registered by: GARCIA MARIA LAURA<br>Verified by: GARCIA MARIA LAURA |

The search was performed in accordance with General Resolution 1/2011. It should be noted that the ownership search was performed until 11/23/2016 with some registrations possibly omitted since 12/30/2008 for operational reasons.

*Search by: Last Name, First Name and Doc. No.*

*Search terms [FERRARI MARCELO ADRIAN, Doc. No. 17301810]*  *Departments [Entire Province]*
**On behalf of: FERRARI MARCELO ADRIAN ()**

| Chronological: | No. | 7149 | F° 10288 | of | 1990 | T° 42 | S/D 023775/1989 | PUNILLA (Inf.DPED) |
| Chronological: | No. | 10654 | F° 15500 | of | 1990 | T° 62 | S/D 020872/1990 | PUNILLA (Inf.DPED) |

**On behalf of: FERRARI MARCELO ADRIAN (DNI: 17301810)**

| F.Real: | No. | 79563 | PH | 00009 | Rep. | 0 | PH | 001435/1989 | CAPITAL |
| F. Real: | No. | 143759 | PH | 00038 | Rep. | 0 | PH | 001435/1989 | CAPITAL |
| F. Real: | No. | 600300 | PH | 00000 | Rep. | 0 | DOM | 020872/1990 | PUNILLA |

[Signature]
AGUSTIN EDUARDO ASÍS
AUTHORIZED SIGNATURE
ONLY BOOK SECTION
GENERAL REGISTRY OFFICE OF THE PROVINCE

[Logo]
General Registry Office of Cordoba Province

Name: **PAIVA GUSTAVO ALEJANDRO**
Request No.: 20169648816
DNI: 11054169
CUIT: 20110541695
Legitimate Interest: Att., Clerk, Prosec., Auctioneer. Eng. or Surveyor
Unique No. 2016541898
Measurements: PUW 252647 / 2016
Version Date: 1/21/2011
Issue Date: 11/25/2016

SIMPLE COPY WITHOUT NOTARY FEES
11/25/2016 01:59:22 p.m.
Page 1 of 2

[Horizontal text] **RECORD**
600.300 PUNILLA (23-05)     REGISTER: C     S     MZ     P   [Barcode]

[Horizontal text] **PROPERTY DESCRIPTION**

A plot of land that is part of block 19 of Villa Mayu Sumaj, located in San Antonio de Arredondo, Santiago District, Punilta Department, Cordoba Province, designated lot three, which consists of 2 m in front to the SW, 35.54 m from the opposite side to the NE; 31.55 m in back and front to the SE and 32.99 m., composing an area of 592.58 m², bordering: to the SE and SW, public streets; to the NE, lot four; and to the NW., lot two and part of lot seventeen, all on the same block.

For [illegible] future union. Deed No. 3/03. Reg. Deed 270.Reg. 270.No. 13002 of 4/25/03. Letter 5/12/03. DEF.-
NOTE: It is recorded that, according to previous records, the lot surface area is 792.58 m², not as recorded due to error. Letter 11/4/03.

SEE PLAN No.: 124.432     RECORD 676.868 (Lot 19)

600.300 (23-05) OWNERSHIP RECORD F° 15500 T°62 A°1990.

| a) Property owners | Percentage | b) Encumbrances restrictions Other real rights | - | c) Cancellations | d) Certifications No. Date-reason-jurisdiction |
|---|---|---|---|---|---|
| 1) FERRARI, Marcelo Adrian: BNI. 17.301.810, born 10/6/65, single, residing at 610 River Valley Road, Atlanta, Georgia, United States. Exchange: Deed, without Sarmiento, reg. 582, cert. 25334/90, D° 20872 of 9/11/90. Cordoba 9/10/2001. 9/10/2001. | 100% | | | | 9,815 – 05/III/03. Sale – Union – Iss – Plan registry. Esc. Cardozo, Reg. 270. 10/III 2.003. Edo.: Reg.: vale. ANDREABRONEL |

Date   Cordoba, 9/10/2001.

CORDOBA PROVINCE – GENERAL REGISTRY OFFICE OF THE PROVINCE – ALL RIGHTS RESERVED – INTELLECTUAL PROPERTY IN PROCESS – NOT TO BE REPRODUCED– AGREEMENT ACT No. 5059   No. 0035247

[Stamp]   [Signature]
[Stamp: General Registry Office of Cordoba Province]   [Signature]
[Stamp]   [Signature]

| [Logo] General Registry Office of Cordoba Province | a) Property owners | Percentage | b) Encumbrances – restrictions Other real rights | REGISTER: c) Cancellations | C | S | MZ | P d) Certifications No Date-reason-jurisdiction |
|---|---|---|---|---|---|---|---|---|
| Name: PAIVA ALEJANDRO GUSTAVO Request No.: 20169064816 DNI: 11054169 CUIT: 20110541695 Legitimate Interest: Att., Clerk, Prosec., Auctioneer. Eng. or Surveyor Unique No. 2016541898 Measurements: PUW 252647 / 2016 Version Date: 1/21/2011 Issue Date: 11/25/2016 | | | | | | | | |
| SIMPLE COPY WITHOUT NOTARY FEES 11/25/2016 01:59:22 p.m. Page 2 of 2 | | | | | | | | |

[Horizontal text] RECORD

| [Logo]<br>General Registry Office of Cordoba<br>Province<br><br>Name: PAIVA ALEJANDRO GUSTAVO<br>Request No.: 20169064810<br>DNI: 11054169<br>CUIT: 20110541695<br>Legitimate Interest: Att., Clerk, Prosec.,<br>Auctioneer. Eng. or Surveyor<br>Unique No. 2016541900<br>Measurements: PUW 252649 / 2016<br>Version Date: 4/22/2015<br>Issue Date: 11/25/2016 | 79563-9     CAPITAL (11)     REGISTER: 04-04 BLOCK. 02 PLOT 46 P.H.9     PH A<br><br>[Horizontal text] PROPERTY DESCRIPTION<br>DEPARTMENT located in Calle Bolivar, CAPITAL Department - Building "VALDAGNO II"     [Barcode]<br>FUNCTIONAL UNIT 9 Positions: 04-17;     With covered surface area of 75.55 m². With percentage of 5.25%, according to P.H.P. to 5220.-<br><br>79563/9 (11)     Ownership Record: TM. 79563 Capital. | | | |
|---|---|---|---|---|
| | a) PROPERTY OWNERSHIP | % | b) ENCUMBRANCES,<br>RESTRICTIONS and<br>INTERDICTIONS | c) CANCELLATIONS | d) Certifications No.<br>Date-reason-jurisdiction |
| | [Struck through- VOID]<br>1) ENRICO de FERRARI<br>Rosa Elena: Argentinian,<br>born on 7/11/42,<br>MI4.506.874 housewife,<br>with Durval Angel Jesús<br>Ferrari, residing at Calle<br>Boliva r49, deed 12/29 /83,<br>Clerk Pont Vergés Reg. 568<br>No. 2071 of 3/30/ 984 –<br>Price: $79.50 Argentinean<br>pesos Cert. No.<br>100460/983. | 100%<br>[Signature] | 1) Lifelong USUFRUCT with<br>the RIGHT TO ACCRUE on<br>behalf of the spouses;<br>FERRARI Durval Angel;<br>MI.6.505.223/ Arg., born<br>on 5/25/38; ENRICO Rosa<br>Elena; MI.4.506.874 born<br>on 7/11/42.<br>Deed dated 5/22/89, Clerk<br>Sarmiento Reg. 562.n;<br>1674 of 8/5/ 89 | [Signature]<br>[Stamp] | [Struck through- VOID]<br>747.Vig. 5/23/85. Deed<br>Reg. 562. Comprises<br>usufruct 25847. Ig.5/22/89.<br>Donation and usufruct.<br>Deed Reg. 562 |
| SIMPLE COPY WITHOUT NOTARY FEES<br>11/25/2016 01:59:34 p.m.<br>Page 1 of 2 | 1) FERRARI, Marcelo<br>Adrian; Argentinian, born<br>on 10/6/65; MI<br>17.301.810, single, residing<br>at; 610-River Valley Road.<br>Atlanta, United States of<br>America. | 100% | | | |
| | 7/IX/984     Cordoba Province | | Ministry of Government     General Registry Office of the Province     National Act 17,801 | | |
| | MA<br>[Signature] | | Vo. Bo.<br>[Signature] | [Signature] | |

[Page 5 of 8]

| [Logo] General Registry Office of Cordoba Province | RECORD REGISTRAR: PH A | | | | |
|---|---|---|---|---|---|

**Name:** PAIVA ALEJANDRO GUSTAVO
**Request No.:** 20169064810
**DNI:** 11054169
**CUIT:** 20110541695
**Legitimate Interest:** Att., Clerk, Prosec., Auctioneer. Eng. or Surveyor
**Unique No.** 2016541900
**Measurements:** PUW 252649 / 2016
**Version Date:** 4/22/2015
**Issue Date:** 11/25/2016

| a) PROPERTY OWNERSHIP | % | b) ENCUMBRANCES, RESTRICTIONS and INTERDICTIONS | c) CANCELLATIONS | d) CERTIFICATIONS Date-Reason-Jurisdiction |
|---|---|---|---|---|
| Advance Inheritance Donation. Deed 5/22/89 Clerk Sarmiento Reg. 562.n: 1435 of 7/5/89- Certif. 25847/89 – NOTE: Due to its omission in due course, an extension is issued for 127 days. Art. 10 Act 5771. Letter 6/26/90. [Signature] [Stamp] | | | | |
| Cordoba Province | Ministry of Government General Registry Office of the Province | | Nat. Act 17,801 | |

SIMPLE COPY WITHOUT NOTARY FEES
11/25/2016 01:59:34 p.m.
Page 2 of 2

[Logo]
General Registry Office of Cordoba Province
Name: PAIVA ALEJANDRO GUSTAVO
Request No.: 20169068812
DNI: 11054169
CUIT: 20110541695
Legitimate Interest: Att., Clerk, Prosec., Auctioneer. Eng. or Surveyor
Unique No. 2016541900
Measurements: PUW 252648 / 2016
Version Date: 1/11/2016
Issue Date: 11/25/2016

SIMPLE COPY WITHOUT NOTARY FEES
11/25/2016 01:59.28 p.m.
Page 1 of 2

[Horizontal text] RECORD
143759/38    CAPITAL (11)    REGISTER:    4-2-BLOCK.58 PLOT 48-P.H.38    [Barcode]

[Horizontal text] PROPERTY DESCRIPTION  [Signature]
DEPARTMENT: Located at Avellaneda 190, Dpt. CAPITAL.-

FUNCTIONAL UNIT 38. Positions: 09-68;09-69;09-70;plot-78; Surface area of 85.84 m² – Uncovered common surface area of 13.31 m² – Percentage of 3.45 – According to the P.H. plan attached to F° 5571.-

143759/38    (11)    Ownership Record: Rec. 143759    CAPITAL.-

| a) PROPERTY OWNERSHIP | % | b) ENCUMBRANCES, RESTRICTIONS and INTERDICTIONS | c) CANCELLATIONS | CERTIFICATIONS No. Date-Reason-Jurisdiction |
|---|---|---|---|---|
| [Struck through- VOID] 1) The spouses: FERRARI, Durval Angel: Arg., born on 5/25/38, M.I./6.505.223 ENRICO, Rosa Elena: Arg., born on 7/11/42, NI/4.506.874, residing at Calle Bolivar 49. City of Comp.Vta. Deed 7/30/84.- Price: $a 85,000. | 1/2 [Signature] | 1) Lifelong USUFRUCT with the RIGHT TO ACCRUE on behalf of the spouses; FERRARI Durval Angel; MI.6.505.223/ Arg., born on 5/25/38; ENRICO Rosa Elena; MI.4.506.874 born on 7/11/42. Deed dated 5/22/89, Clerk Sarmiento Reg. 562.n; 1674 of 8/5/89 [Stamp] [Signature] | [Signature] [Stamp] | [Struck through- VOID] 25 Seg. ig.5/23/89 onan. Deed Reg. 568. and Comprises Usufruct 25847. Vig.22-5-89. Donation and Usufruct Deed / Reg. 562. |
| 2) FERRARI Marcelo Adrian. M.I.17.301.810 born on 10/6/65 single, residing at 610 River Valley Road, Atlanta, United States of America Advance Donation "Deed 5/22/89 Deed 1/31/85." | 100% | [Stamp] [Signature] | | [Stamp] [Signature] |

GVS [Signature]

| Cordoba Province | Ministry of Government | General Registry Office of the Province | Nat. Act 17,801 |
|---|---|---|---|
| | Vo. Bo. [Signature] [Stamp] | | a-2   a-2 b-1   b-1 [Signature] [Stamp] |

[Page 7 of 8]

[Logo]
General Registry Office of Cordoba Province

RECORD        REGISTER        PH A

Name: PAIVA ALEJANDRO GUSTAVO
Request No.: 20169064812
DNI: 11054169
CUIT: 20110541695
Legitimate Interest: Att., Clerk, Prosec., Auctioneer. Eng. or Surveyor
Unique No. 2016541900
Measurements: PLW 252648 / 2016
Version Date: 1/11/2016
Issue Date: 11/25/2016

| a) PROPERTY OWNERSHIP | % | b) ENCUMBRANCES, RESTRICTIONS and INTERDICTIONS | c) CANCELLATIONS | d) CERTIFICATIONS No. Date-Reason-Jurisdiction |
|---|---|---|---|---|
| Clerk Sarmiento Reg. 562.n: 1435 of 7/5/89- Certif. 25847/89 – NOTE: Due to its omission in due course, an extension is issued for 127 days. Art. 10 Act 5771. Letter 6/26/90 | | | | |
| [Signature] [Stamp] | | | | |
| Cordoba Province | | | | |

Ministry of Government    General Registry Office of the Province    Nat. Act 17.801

SIMPLE COPY WITHOUT NOTARY FEES
11/25/2016 01:59:28 p.m.
Page 2 of 2

[Page 8 of 8]

FORMULARIO GRATUITO EMITIDO VIA WEB
PROHIBIDA SU VENTA

2016532547 NORMAL
1  52        Of : 22/11/2016 11:39
            5000 - CÓRDOBA

## SOLICITUD DE BÚSQUEDA EN ARCHIVO INFORMÁTICO DE TITULARIDADES REALES

| **1** | **SOLICITANTE** |
|---|---|

Entidad Administrativa:
CUIT:

Profesional con Interés Legítimo [   ]          Marque la opción que corresponda
Apellido y Nombres:
DNI/LC/LE/PAS N°:
Profesión:                                      MP/ Reg N°:
Credencial N°:                                  Fecha de vencimiento:

Particular con Interés Legítimo
Apellido y Nombres:
DNI/LC/LE/PAS N°:

"Declaro bajo fe de juramento que el interés legítimo invocado es correcto, y que la presente petición se halla comprendida en los alcances previstos en el Artículo 31 de la Ley Provincial N° 5771."

22 NOV 2016
MESA DE ENTRADAS

| **2** | **MOTIVO DE LA SOLICITUD** |
|---|---|

Estado Patrimonial

| **3** | **BUSQUEDA DE DOMINIO A NOMBRE DE** |
|---|---|
|  | (Puede solicitarse la búsqueda de una sola persona, física o jurídica, por formulario) |

**PERSONA**
(*) Apellido:  FERRARI
(*) Nombres: Marcelo Adrian
    Tipo y número de documento:  17.301.310
(*) Razón Social:
    CUIT:

**LUGAR DE BUSQUEDA**
(*) Departamentos:

     T   O   D   O   S

                                                        (*) Datos obligatorios

**NOTA: la búsqueda se efectuará a partir de 1981 por razones operativas, pudiendo resultar datos anteriores generados por procesos de Conversión. Sólo se informará sobre inscripciones registrales del archivo computarizado, sin la verificación dominial correspondiente**

Firma / Firma y Sello
ALFREDO R. AVILA
CUIT 20-06723423-6
Rivadavia 92 - Río 2

**INDICACIONES:**
1- El formulario se presenta por duplicado.
2- Los datos **deben completarse** a máquina de escribir o desde su computadora.



**Informe de Titularidad de Dominio - Previa Búsqueda**

Regis tro General
De la
Provincia de Córdoba

Nro. Unico 532547 del año 2016                                                                 Versión 1
PUBLICIDAD DIRECTA: 017872 / 2016 Rep: 32

Registrado por: GARCIA MARIA LAURA
Verificado por: GARCIA MARIA LAURA

La búsqueda se realizó conforme a lo establecido por Resolución Gral. Nro. 1/2011. Se hace presente que la búsqueda de dominio se
efectuó hasta el 23/11/2016 pudiendo haberse omitido inscripciones desde el 30/12/2008 por razones operativas.

*Consulta por: Apellido, Nombre y Nro. Doc.*

*Valor de búsqueda  [ FERRARI MARCELO ADRIAN, N° Doc. 17301810 ]    Departamentos  [ Toda la Provincia ]*
A nombre de: FERRARI MARCELO ADRIAN ()

```
Cronol.:  N°  7149 F°  10288 de 1990 T° 42    S/D 023775/1989  PUNILLA  (Inf.DPED)
Cronol.:  N° 10654 F°  15500 de 1990 T° 62    S/D 020872/1990  PUNILLA  (Inf.DPED)
```

A nombre de: FERRARI MARCELO ADRIAN (DNI: 17301810)

```
F.Real:   Nro.    79563  PH  00009  Rep.  0   PH 001435/1989  CAPITAL
F.Real:   Nro.   143759  PH  00038  Rep.  C   PH 001435/1989  CAPITAL
F.Real:   Nro.   600300  PH  00000  Rep.  C   DOM 020872/1990  PUNILLA
```



MATRICULA

DESCRIPCION DEL INMUEBLE

CATASTRO:  C   S   MZ   P

600.300 PUNILLA(23-05)

Un lote de terreno que forma parte de la manzana 19 de Villa Mayu Sumaj,ubicada en San Antonio de Arredon-
do,Ped.Santiago del Dpto.Punilla,Prov.Cba.,que se designa como lote tres,que consta de 20mms.de fte al S.O.
35.54mms.de contrafte.al N.E.;31.55ms de fdo. y fte.al S.E.y 32.99ms de fdo.al N.O.lo que hace una sup.de
692.58dms2,lindando:al S.E y S.O,calles publicas;al N.E.lote cuatro;y al N.O.lote dos y parte del lote die-
ciseis todos de la misma manzana.

1.4.1.58

For Expte.futura union Escri t.Nº3/03.Esc.Reg.270,Nº13002 del 25-4-03,////////Ofic.12-5-03. DEF—
NOTAse deja constancia que según antecedente la Sup.del lote es:792,58ms2.y no como se consignó por error.Ofic.4-11-03.

VER PLANO Nº 124.432 Y  MATRICULA  678.868 (DG. 49

06 NOV 2003

600.300(23-05)   ANTECEDENTE DOMINIAL   Nº15500 Tº62 Aº1990.

| | a) Titulares sobre el dominio | Prop. | b) Gravámenes-restricciones Otros derechos reales | c) Cancelaciones | d) Certificaciones Nº Fecha-motivo-jurisdicción |
|---|---|---|---|---|---|
| | 1)FERRARI Marcelo Adrian,DNI.17.301.810,nac 100% 6-10-65,solt.,dom.610 River Valley Road,Cdad. Atlanta,Est.Georgia,Estados Unidos de Nor- teamerica. PERMUTA:eso no cita,esc.Sarmiento,reg.582, cer.25334/90,Dº20872 del 11-9-90,Cba,10-9- 2001. | | | | 9.815 - 05/III /03. Venta — Unión - Inscr- ipción de plano. Esc. Cardozo, Reg. 270, 10/III/ 2.003. Edo. Inscripción: vigente...... |

Fecha  Cba,10-9-2001.

Nº 0035247

V°B°

COPIA SIMPLE
SIN VALOR NOTARIAL

Registro General De la Provincia de Córdoba

Nombre:  PAIVA ALEJANDRO GUSTAVO
Nro. Solicitud:  20169048816
DNI:  11054169
CUIT:  20110541695
Interes Legítimo:  Abog, Escrib, Proc, Martill, Ing. o Agrimensor
Nro. Único:  2016541898
Medida:  PUW 252647/2016
Fecha de Versión:  21/01/2011
Fecha de Emisión:  25/11/2016

25/11/2016 01:59:22p.m.

Página  1  de 2

Registro General
De la
Provincia de Córdoba

CATASTRO: C S MZ P

| a) Titulares sobre el dominio | Prop. | b) Gravámenes-restricciones Otros derechos reales | c) Cancelaciones | d) Certificaciones Nº Fecha-motivo-jurisdicción |
|---|---|---|---|---|
| | | | | |

Nombre: **PAIVA ALEJANDRO GUSTAVO**

Nro. Solicitud: **201690648816**

DNI: **11054169**

CUIT: **20110541695**

Interes Legitimo: **Abog, Escrib., Proc., Martill., Ing. o Agrimensor**

Nro. Único: **2016541898**

Medida: **PUW 253647/2016**

Fecha de Versión: **21/01/2011**

Fecha de Emisión: **25/11/2016**

COPIA SIMPLE
SIN VALOR NOTARIAL

25/11/2016  01:59:22p.m.

Página    2    de   2

Registro General
De la
Provincia de Córdoba

**Nombre:** PAIVA ALEJANDRO GUSTAVO
**Nro. Solicitud:** 20169046810
**DNI:** 11054169
**CUIT:** 20110541695
**Interes Legítimo:** Abog, Escrib,
    Proc, Martill,
    Ing. o
    Agrimensor
**Nro. Unico:** 2016541900
**Medida:** PUW 252649 / 2016
**Fecha de Versión:** 22/04/2015
**Fecha de Emisión:** 25/11/2016

COPIA SIMPLE
SIN VALOR NOTARIAL

25/11/2016 01:59:34p.m.

Página  1  de  2

**PH A**

MATRICULA 79563/9   CAPITAL (11)

CREADO: 04-04- MARZ. 02 PARC. 46 P.H.9

DESCRIPCION ubicado en calle Bolivar nº 49 Dpto. **CAPITAL.-- ** Edificio " **VALDAGNO II**".--

79563/9   (11)

Antecedente Dominial: MAT. 79563 Capital.--

**UNIDAD FUNCIONAL: 9 Posiciones: 04-12;** de acuerdo a plano de P.H.Nº 5220.--

Con sup. cubierta propia de 75ms.55dms.cdos. Con porcentual del 5,25%,.

a) TITULARIDAD SOBRE EL DOMINIO

b) GRAVAMENES, RESTRICCIONES e INTERDICCIONES

e) CANCELACIONES

1)ENRICO de FERRARI Rosa Elena: arg. nac.100%
11/VII/942; L.I 4.506.874 cas.en 1res. o/
Durval Angel Jose. Ferrari domic.en call
Bolivar nº 49.--
Comp.Vta. escrit.  29/XII/983 Esc. Pont.
Varsea Reg. 568 nº 2071 del 30/XII/984.--
Precio:879.50pesos argentinos Cert.D
100460/983.--

2)FERRARI Marcelo Adrian;arg.nac.6/X/65;
MI 17.700.810; solt. d mici 610-River
Valley Road.Atlanta Estados Unidos. de
Norteamerica.--

1)USUFRUCTO Vitalicio con
DERECHO DE ACRECER a/favor de
Durval Angel MI.6.505.223 y
ar.nac.2575/381;ENRICO Rosa
Elena;MI.4.506.874 Esc. el
11/VII/942
Escrit.22/5/89 Esc.Sarmient
Reg.562;nsl167% de 5/VI/989

Vo. Bo.

**Provincia de Córdoba**    **Ministerio de Gobierno**    **Registro General de la Provincia**    **Ley Nac. 17.801**

Registro General
De la
Provincia de Córdoba

Nombre: **PAIVA ALEJANDRO**
**GUSTAVO**
No. Solicitud: **2016906148810**
DNI: **11854169**
CUIT: **20110541695**
Interes Legitimo: **Abog, Escrib.,**
**Proc., Martill.,**
**Ing. o**
**Agrimensor**
Nro. Único: **201654I900**
Medida: **PUW 252649/2016**
Fecha de Versión: **22/04/2015**
Fecha de Emisión: **25/11/2016**

COPIA SIMPLE
SIN VALOR NOTARIAL

## PH A

MATRICULA: GUSTAVO

**a) TITULARIDAD SOBRE EL DOMINIO**

Donacion con Anticipo Herencia. Escrit.22 /
/69 Esc.Sarmiento Rg.562.njal.153 fs 5/7/
/69.- Cert: 2584//8.Nota por haberse
omitido en su oportunidad se asienta pré-
rroga por 127 ds. art.10 Ley 5771.-Ofic.
26/VI/990.-

**b) GRAVAMENES, RESTRICCIONES**
**E INTERDICCIONES**

**c) CANCELACIONES**

**d) CERTIFICACIONES**
**N° Folio Inmov.-Cierre**
**Jurisdicción**

| Provincia de Córdoba | Ministerio de Gobierno | Registro General de la Provincia | Ley Nro. 17.801 |

Registro General
de la
Provincia de Córdoba

Nombre:   PAIVA ALEJANDRO
          GUSTAVO
No. Solicitud:   28169068812
No. Ni:   11054169
Interés Legítimo:   2011054169S
UIT:   2011054169S
          Abog, Escrib,
          Proc, Martill,
          Ing. o
          Agrimensor
No. Único:   201654189S
Medida:   PUW 252648/2016
Fecha de Versión:   11/01/2016
Fecha de Emisión:   25/11/2016

COPIA SIMPLE
SIN VALOR NOTARIAL

MATRICULA   143759/38   CAPITAL(11)   CARACTER   4-2-MARZ,58-PARC,48-P.R.38

DEPARTAMENTO: Ubicado en Avellaneda 190,Dpto.,CAPITAL.--

DESCRIPCION DEL INMUEBLE

UNIDAD FUNCIONAL 38,Posiciones 02-68,09-69,09-70;incrm,78;sup.cub.propia de 85ms,84dms.cdss.--Sup.descb.común de uso excl.de

las lindas.cdss.--Porcentual de 3,45%.--De acuerdo al plano de P.H. agregado al Fº 5571.--

143759/38   (11)   Antecedente dominial: Matric.143759

| a) TITULARIDAD SOBRE EL DOMINIO | % | b) GRAVAMENES, RESTRICCIONES E INTERDICCIONES | c) CANCELACIONES | d) CESIONES DE OTROS | e) CERTIFICACIONES CAPITAL.-- |
|---|---|---|---|---|---|
| 1)Le expone de los: FERRARI David Adrian;mrg.caso-25/V/938.M.I.////// 6.505.231 ENRICO Rosa Elena;mrg.caso-11/VII/942.M.I.////// 4.506.874 Junior. Bolivar 49.Odss.-- Comp.Vta.Esc.30/XII/83,Escb.Raul Vargas Lanaz.// 568,nº 4733 del 30/VII/84.-Preclots 85.000.-- | 1/2 1/2 | 1)USUFRUCTO vitalicio con DERECHO DE ACRECER; a//de Conyuges de c/u; FERRARI Davi Adrian;M.I.6.505.231 nac 25/V/38 ENRICO Rosa Elena; M.I.4.506.874 Esc.11/VII/942 Escrit.22/5/89 Esc.Sarmiento Reg.562,nº11674 de 5/7/89.-- | CONTINUA Reg. |  | 29.  .18-23-5- 95.Dconn:Esc./ Reg.564-V Con ht. Usuf CD 268,n1'V.is-22-5 89. Dconn.y Cas Insufruct.Esc./ Reg.562- |
| 2)FERRARI Marcelo Adrian;M.I.17.301.810 nac.67X/X/765 solt; domic; 610-Rivar Valley Road, Axlinote Estados Unidos de Nortemer- erica. Donacion Anticipo "ar,Escrit.22/5/89 Esc 31/I/85-- | 100% |  |  |  |  |

CAPITAL.--

Vo. Bo.
Provincia de Córdoba
Ministerio de Gobierno   Registro General de la Provincia   Ley Nro. 17,801

Registro General
De la
Provincia de Córdoba

Nombre: **PAIVA ALEJANDRO**
**GUSTAVO**
Provincia de Córdoba

Nro. Solicitud: **2016906648812**
DNI: **11054169**
CUIT: **20110541695**

Interes Legítimo: **Abog, Escrib,**
De la          **Proc, Martill,**
Ing. o
**Agrimensor**

Nro. Unico: **2016541899**

Medida: **PUW 252648 / 2016**
Fecha de Versión: **11/01/2016**
Fecha de Emisión: **25/11/2016**

COPIA SIMPLE
SIN VALOR NOTARIAL

| MATRICULA | a) TITULARIDAD SOBRE EL DOMINIO | | b) GRAVAMENES, RESTRICCIONES • INTERDICCIONES | c) CANCELACIONES | d) CERTIFICACIONES Nº-Fecha-Hora-Oficina Autorizada |
|---|---|---|---|---|---|
| | Sarmiento Reg..562 n:1435 de 5/7/89.- artf 258847/89 NOTA.:Por haberse omitido en su oportunidad, se asienta prórroga por 127 de. art.10-Ley 5771. Ofic.26/VI/990.- | | | | |

Provincia de Córdoba | Ministerio de Gobierno | Registro General de la Provincia | Ley Nac. 17.801

PH A

IN THE SUPERIOR COURT OF FULTON COUNTY
FAMILY LAW DIVISION
STATE OF GEORGIA

| CAROLYN H. FERRARI, | : | |
|---|---|---|
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | FILE NO.: 2011CV202702 |
| MARCELO A. FERRARI, | : | |
| | : | |
| Respondent. | : | |

## ORDER

The parties to the above-styled matter having been noticed to a status hearing on July 21, 2017 at 9:00 a.m. as to whether the Respondent was ready to purge his contempt, and the Court having reviewed and considered same;

1.

At the hearing, despite prior testimony under oath that Respondent had no assets in his name and that he was indigent, Respondent now admits because Petitioner discovered the assets that Petitioner owns a pension at Citigroup, Inc. and two condominiums in Cordoba, Argentina.

2.

Respondent admits that he has taken no steps to place the properties he owns in Cordoba, Argentina on the market for sale, nor taken a loan against his interests, nor done anything with respect to the properties to help pay the arrearage owed to the Petitioner as of July 21, 2017.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

3.

The Court finds that the Respondent has failed to exhaust all of his resources to purge the contempt. In fact, he did nothing in an effort to purge. Therefore, the Court finds that two conditions must be met before it will consider a release of Respondent from custody:

4.

The Court ORDERS the Respondent to transfer one hundred percent (100%) of the funds in his Citigroup, Inc. pension to the Petitioner by Qualified Domestic Relations Order (QDRO). The QDRO shall be prepared by Petitioner and Respondent shall cooperate with executing and signing the QDRO and all other necessary documents necessary to effectuate the transfer of the pension to the Petitioner in a timely manner. Respondent shall further sign a letter to Citigroup, Inc.'s pension department allowing the pension department and their representatives to speak with the Petitioner and/or her attorney(s) regarding the pension and QDRO. The Court reserves determination as to whether Respondent shall pay the attorney's fees for the QDRO preparation.

5.

The Court ORDERS the Respondent to place both condominiums that he owns in Cordoba, Argentina on the market for sale at fair market value, where they shall remain continuously on the market until sold. Respondent shall take no loans against the properties or create any leases for rent upon the properties. The listing and sale price on each property shall not be dropped below the fair market value for each respective property without the express written consent of the Petitioner to the Respondent through her attorney. Respondent shall obtain and produce valid documentation and evidence of the current fair market value for both properties and provide documentation of any pre-existing encumbrance, debt or liens as well as tax records, and leases to this court and petitioner along with listing agreements for both properties to the Court and Petitioner. Respondent shall allow Petitioner to have direct communication with the listing real estate agent(s) for the properties regarding all aspects of the sales such as any and all listing decisions, agreements, offers, and counter offers. Petitioner has the right to contact the listing agent(s) and the listing agent may communicate with the Petitioner. Respondent shall maintain the properties in a marketable condition, shall not encumber, mortgage, damage or interfere with the marketing or sale until the properties are sold, nor permit any other party to do so.  Respondent shall allow the listing agent(s) to place a "For Sale" sign at both properties, to place a realtor lock-box at both properties, and to ensure access and ability to perform any other necessary marketing of the properties. The proceeds of the sale of the each property in Cordoba, Argentina shall be as follows:

First, payment of any pre-disclosed outstanding pre-existing mortgage or encumbrance on the property;

Second, payment of customary and necessary expenses related to the sale of the two properties, including but not limited to broker's fees, and,

Third, the remainder of the proceeds shall be paid in full to the Petitioner, free and clear of any claim from the Respondent or any non-party to the Contempt action. Respondent shall solely be responsible for the payment and satisfaction of liens and taxes owed upon the properties at sale.

6.

The Court will continue to hold the Respondent's US passport.

7.

The next hearing will be on August 14, at 9:30 a.m. in Courtroom 5F and the Court reserves the right to place additional conditions upon the Respondent at that hearing. At the hearing, Respondent shall show documentation to Petitioner on the current state of the properties such as: fair market value for sale (with and without the usafructs in place); disclosure of all liens on the properties and any unpaid taxes on the properties, any rental leases on the properties, and all other liabilities with respect to the properties.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as set out herein above, this the 27th day of ___July___, 2017.

_____
**THE HONORABLE URAL D. GLANVILLE**
Fulton County Superior Court

Prepared by:
Alice E. Benton
GA Bar No. 406365
Benton Law LLC
4200 Northside Parkway, NW
Building 1, Suite 200
Atlanta, GA 30327
Counsel for Petitioner

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

**IN RE:**                                    **CASE NO. 18-14840-AJC**

**ROSA FERRARI,**                            **CHAPTER 13**

_____**Debtor**_____

**CAROLYN FERRARI,**
    **Movant,**

**v.**

**ROSA FERRARI,**
    **Respondent.**

_____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing MOTION TO

DISMISS FOR CAUSE upon all parties to this action listed below and those on the attached

sheets by depositing a true and complete copy of same in the United States mail, with

adequate postage thereon, addressed as follows.

| | | |
|---|---|---|
| Rosa Ferrari | Nancy K. Neidich, Trustee | Timothy Kingcade, Esq. |
| 408 W. 25th Street #8 | P.O. Box 279806 | 1370 Coral Way |
| Miami, FL 33140 | Miramar, FL 33027-9806 | Miami, FL 33145 |

This 26th day of June, 2018.

BY: _____

[Signature of Movant]

Carolyn Ferrari
1266 W. Paces Ferry Rd. #311
Atlanta, GA
(404) 423-5605
cjhferrari@gmail.com

Label Matrix for local noticing
113C-1
Case 18-14840-AJC
Southern District of Florida
Miami
Thu Jun 14 12:09:18 EDT 2018

Synchrony Bank
PRA Receivables Management, LLC
c/o Valerie Smith
PO Box 41021
Norfolk, VA 23541-1021

Amex
Correspondence
Po Box 981540
El Paso, TX 79998-1540

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Carolyn Ferrari
12666 W Paces Ferry Rd Ste 311
Atlanta, GA 30327

Carolyn Ferrari
c/o G. Roger Land/Sara C Sorenson
One North Pkwy Square Ste 200
4200 Northside Pkwy, NW
Atlanta, GA 30327-3081

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 15298
Wilmington, DE 19850-5298

Checksystems
7805 Hudson Road
Saint Paul, MN 55125-1703

Child Support Enforcement
PO Box 8030
Tallahassee, FL 32314-8030

Citibank/Sears
Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

Citibank/Sears
Po Box 6282
Sioux Falls, SD 57117-6282

Citicards
Citicorp Credit Services/Attn: Centraliz
Po Box 790040
Saint Louis, MO 63179-0040

Citicards
Po Box 6241
Sioux Falls, SD 57117-6241

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Durval Ferrari
1133 Scott Boulevard, Unit 10
Decatur, GA 30030-1450

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Experian
PO Box 2002
Allen, TX 75013-2002

Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0110

G. Roger Land
Sara C Sorenson
One North Parkwy Square, Ste 200
4200 Northside Pkwy, NW
Atlanta, GA 30327-3007

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

(p)MERCEDES BENZ FINANCIAL SERVICES
13650 HERITAGE PARKWAY
FORT WORTH TX 76177-5323

Mercedes-Benz Financial Services
Po Box 685
Roanoke, TX 76262-0685

Nordstrom FSB
13531 E Caley Ave
Englewood, CO 80111-6505

Nordstrom FSB
Attn: Bankruptcy Department
Po Box 6555
Englewood, CO 80155-6555

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SRA Associates, Inc
401 Minnetonka Rd
Somerdale, NJ 08083-2914

SunTrust Mortgage, Inc.
Bankruptcy Department RVW 3034
PO Box 27767 Richmond, VA 23261

Suntrust Bank
1001 Semmes Ave
Richmond, VA 23224-2245